## Miller Oral Surgery, Inc. v. Dinello

*Charles W. Rubendall, II*, for plaintiff.
*Robert F. Claraval*, for defendant.

MORRISON, *J.,* January 5, 1983—Before the court for resolution is plaintiff's motion for sanctions. We grant the motion and enter sanctions of default judgment against defendants.

In October, 1981, plaintiff served a set of interrogatories on defendants (defendants shall refer to Dinello, Sabocheck, and Donald D. Dinello, D.M.D., P.C. only). Certain interrogatories were objected to and a motion for protective order was filed, briefed and argued. The court twice heard argument on these objections and twice denied defendants' motion. The orders of January 27 and March 26, 1982, address this matter.

Despite our orders, defendants refused to answer said interrogatories because they contend that the court had not directed them to answer. As a result, we entered the following

## ORDER

And now, September 8, 1982, in light of this court's orders of January 27, 1982, and March 26, 1982, denying defendants' motion for protective order as to plaintiff's interrogatories Nos. 9c, 16, 17, 18 and 19, it is hereby ordered that defendants Dinello, Sabocheck, and Donald D. Dinello, D.M.D., P.C., shall provide plaintiff's counsel with full and complete answers to plaintiff's interrogatories Nos. 9c, 16, 17, 18 and 19 not later than 30 days after the date of this order.

Failure to comply with this order may on motion result in the imposition of sanctions authorized by Pa.R.Civ.P. 4019.

When the 30 days for compliance expired without receipt of answers, plaintiff filed a motion for sanctions. The motion has been answered, briefs filed, and a hearing was held on December 22, 1982.

Notwithstanding the court's directive that the "issues [at the hearing] would be limited to what Sanction is appropriate to be imposed against defendants' for failure to comply with the order of September 8, 1982" (order of November 3, 1982), Dr. Dinello, one of defendants, requested and was permitted to testify concerning reasons for his refusal to comply with discovery orders. The court remains convinced that its prior orders were correct.

At the conclusion of the hearing, defendants' counsel handed the court on unverified document entitled "Defendants' Supplemental Response to Plaintiff's Interrogatories—First Set." This item provides factual information in response to one of the five contested interrogatories (No. 9c) and provides questionable responses to three others (Nos. 16, 17 and 19). However, the key interrogatory (No.

18), about which virtually all the argument has centered from the beginning, remains unanswered. This seeks the identity of patients treated by defendants at their Front Street office.

Defendants, at the December 22, 1982 hearing, offered to answer to this interrogatory in camera and that the court or a special master provide plaintiff with 100 patient names selected at random. This suggestion is unpersuasive and at least a full year too late. At the same hearing, defendant suggested in the alternative, that the matter not answered, be deemed admitted. The court has determined that plaintiff is entitled to a full and complete answer to interrogatory no. 18, and nothing offered by defendants convinces us otherwise.

The identification of patients treated by defendants at their Front Street office is the only source of information to prove or disprove, the alleged intentional interference with prospective business relations of which plaintiff complains. Without the identification of these patients, plaintiff simply cannot gather evidence to prove its case at trial. No other sanction authorized by Pa.R.Civ.P. 4019(c) will allow plaintiff to go forward effectively at trial because defendants will not be forced to disclose the patients' identities. Defendants refuse to disclose this information to plaintiff, and must therefore be deemed to admit their liability for the course of conduct averred in the complaint.

Rule 4019(c)(3) authorizes the entry of a "judgment . . . by default against the disobedient party . . . " Defendants here have willfully disobeyed the court's order of September 8, 1982. A similar situation was presented in Isenberger v. Schumann, 34 D. & C. 2d 315 (C.P. Alleg.), Aff'd per curiam, 415 Pa. 217, 203 A. 2d 136 (1964). In Isenberger, the court found defendants' refusal to answer inter-

rogatories warranted the severe sanction of default judgment; any other sanction "would be totally ineffectual, due to the type of information which was in defendants' exclusive control and which this court felt plaintiffs were entitled to." Id. at 320. A similar result is appropriate here; the court will not countenance disobedience of its discovery orders.

Plaintiff also asserts its entitlement to attorneys' fees and expenses in connection with our order of September 8, 1982, and the instant motion for sanctions, pursuant to Pa.R.Civ.P. 4019(g). We agree. Defendants' opposition to the motion for sanctions and their refusal to comply with our orders of September 8, 1982, are unjustified. Defendants' counsel has been given ample opportunity to persuade the court of the validity of defendants' objections to these interrogatories. Once the objections were overruled, the interrogatories should have been answered without a further order from this court. The fees and expenses awarded below will serve as additional notice to defendants and other litigants that discovery is not a "game." See Sprang v. McClure, et al 103 Dauphin 21 (1981).

## ORDER

And now, January 5, 1983, upon consideration of plaintiff's motion for sanctions, and after hearing thereon, the court finds that sanctions should be imposed upon defendants for failure to comply with the court's order of September 8, 1982.

It is hereby ordered that:

1. A default judgment on liability is entered against defendants Dinello, Sabocheck, and Donald D. Dinello, D.M.D., P.C., pursuant to Pa.R.Civ.P. 4019(c)(3).

2. These same defendants shall pay plaintiff's

counsel, attorney's fees and expenses in the amount of $500, pursuant to Pa.R.Civ.P. 4019(g).

3.  All further discovery and pretrial proceedings in this action shall be limited to the damages recoverable by plaintiff, the liability of defendants Dinello, Sabocheck, and Donald D. Dinello, D.M.D., P.C., therefore having been conclusively established.